# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| v. ) | Criminal No. |
| ) | 08-10121-FDS-2 |
| J. DANIEL LINDLEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

On September 20, 2013, defendant J. Daniel Lindley moved to vacate and set aside his sentence pursuant to 28 U.S.C. § 2855. The motion raises, among other grounds for relief, a claim of ineffective assistance of counsel. The United States has moved for an order indicating that petitioner, by raising a claim of ineffective assistance of counsel, has waived his attorney-client privilege with respect to any communications that are relevant to the claim.

Generally, courts deem a client to have waived his attorney-client privilege, at least in part, upon raising a claim of ineffective assistance of counsel. *See, e.g.*, *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003) ("The rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation dates back to at least *Hunt v. Blackburn*, 128 U.S. 464 . . . (1888)."); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) ("A party waives its attorney-client privilege when it injects into this litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct." (internal quotation marks omitted)); *Bloomer v. United States*, 162 F.3d 187, 194 (2d Cir. 1998) ("[E]xcept in highly unusual circumstances, the assertedly ineffective

attorney should be afforded an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." (internal quotation marks omitted)); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); *Skillman v. United States*, 800 F. Supp. 2d 352, 354 (D. Mass. 2011) ("By filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 and claiming [ineffective assistance of counsel], Skillman has waived the attorney-client privilege to the extent that communications between him and his trial counsel would be necessary to prove or disprove his [ineffective assistance of counsel] claim.") (citing *Sena v. Spencer*, No. 05-10381, 2006 WL 568306, at *6 n.7 (D. Mass. Mar. 8, 2006)).

Defendant has not filed an opposition to the government's motion, and there does not appear to be a reason to depart from the general rule as stated in the cases cited above. Accordingly, defendant's attorney-client privilege will be deemed waived in part, as detailed below.

For the reasons set forth above, the motion by the United States for an order regarding the attorney-client privilege as to defendant J. Daniel Lindley is GRANTED in part and DENIED in part. Defendant's attorney-client privilege is deemed waived to the extent that he has asserted a claim of ineffective assistance of counsel and communications between him and his prior attorneys may be necessary to prove or disprove his claim.

**So Ordered.**

                                                          /s/ F. Dennis Saylor
                                                          F. Dennis Saylor IV
                                                          United States District Judge

Dated: May 1, 2015