UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

—————————————————————
)
J. DANIEL LINDLEY,                      )
                                        )
        Petitioner,                     )
                                        )
v.                                      )        Criminal No. 08-10121-LTS
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        Respondent.                     )
—————————————————————)

ORDER SETTING EVIDENTIARY HEARING ON FIRST AMENDED
MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY (DOC. NO. 1024)

February 7, 2017

SOROKIN, J.

        J. Daniel Lindley, an attorney who was convicted in 2010 of various federal crimes in

connection with a mortgage fraud scheme, has filed a pro se motion to vacate, set aside, or

correct his sentence pursuant to 28 U.S.C. § 2255.[1] Doc. No. 1024.  In it, he raises a litany of

challenges to the performance of his trial and appellate counsel.  The government has opposed

the motion and submitted affidavits of trial and appellate counsel responding to certain issues

raised by Lindley.  Doc. No. 1108.

        Because at least some of Lindley's allegations "are not implausible, and because they

could, if true, entitle him to relief," the Court finds that an evidentiary hearing is necessary.

Owens v. United States, 483 F.3d 48, 60 (1st Cir. 2007); see Rule 8(a), 28 U.S.C. foll. § 2255.

---

[1] Although Lindley has been released from custody and his supervised release has been
terminated, he still may pursue challenges to the constitutionality of his conviction and sentence
under § 2255.  See Robson v. United States, 526 F.2d 1145 (1st Cir. 1975).

Having reviewed the pleadings carefully, the Court has determined that an evidentiary hearing is warranted as to the following issues:[2]

1. Whether trial counsel informed Lindley of his right to testify in his own defense, whether Lindley was otherwise aware of that right, and whether Lindley knowingly waived that right, Doc. No. 1024 at 6-8;

2. Whether trial counsel was informed of and/or investigated Lindley's assertions that he attempted to report the mortgage fraud scheme at some point before it was discovered, and that he aborted a number of closings which he believed were suspicious, id. at 3-4; and

3. Whether trial counsel and Lindley had a dispute about fees during the trial, and to what extent any such dispute impacted trial counsel's performance of his duties on behalf of Lindley, id. at 9-10.

To date, Lindley has not requested assistance of counsel in connection with his § 2255 motion, nor is there information before the Court demonstrating that he is entitled to appointment of counsel under 18 U.S.C. § 3006A. See Rule 8(c), 28 U.S.C. foll. § 2255. Accordingly, the Court will not appoint counsel at this time.

**The evidentiary hearing in this matter is hereby set for March 10, 2017, at 10:00 AM in Courtroom 13**. The Court anticipates that testimony by Lindley and his trial counsel,

---

[2] Some aspects of the counsel-ineffectiveness claims raised in Lindley's motion are patently meritless on their face (e.g., trial counsel's alleged failure to bring his own paper and pens to court, Doc. No. 1024 at 5, or his conversation with a sentencing expert using "technical language," id. at 10), are directly refuted by the record as a whole (e.g., trial counsel's alleged failure to object to the presentence report, id. at 10), or are legally unsupported (e.g., trial counsel's alleged waiver of Lindley's speedy trial rights and waiver of a forfeiture trial without Lindley's consent, id. at 4). Other issues Lindley raises do not require factual development prior to resolution. Thus, the remainder of Lindley's allegations do not require exploration at an evidentiary hearing.

Robert Sheketoff, would be helpful in resolving Lindley's claims. Should either party wish to identify additional witnesses whose testimony is relevant and necessary to the above-listed questions, they shall file a notice with the Court identifying such witnesses and the nature of their anticipated testimony no later than one week prior to the evidentiary hearing.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge